IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2005 SEP -6 PH 1: 23

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| DARRYL PIERCE and SHARON PIERCE on Behalf of Themselves and All Others Similarly Situated, ) ) ) ) | |
| Plaintiffs, ) ) | Complaint – Class Action |
| vs. ) ) | CAUSE NO. |
| VISTEON CORPORATION and VISTEON SYSTEMS, LLC, ) ) ) ) | **1:05-cv-1325-LJM-VSS** |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

1.    This is an individual action and  proposed class action brought on behalf of all former United States employees of Visteon Corporation and Visteon Systems, LLC (the "Class") against Defendants, Visteon Corporation and Visteon Systems, LLC (collectively "Visteon").

### I. Parties

2.    Each member of the Class is a former employee of Visteon who worked in the United States.

3.    Plaintiff, Darryl Pierce, resides at 4906 East County Line Road, Straughn, Indiana.

4.    Plaintiff, Sharon Pierce, resides at 4906 East County Line Road, Straughn, Indiana.

5.    Defendant, Visteon Corporation, is an international corporation which is headquartered in Michigan.

6.    Defendant, Visteon Systems, LLC, is, upon information and belief, a wholly owned subsidiary of Visteon Corporation.

## II. Jurisdiction and Venue

7.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claims arise under the laws of the United States.

8.      Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiffs' residence and Defendants' doing business in this District.

### III.      Class Action Allegations

9.      Plaintiffs bring this case as a class action pursuant to Rule 23(a) and (b)(3) on behalf of a class consisting of all persons who are former employees of Visteon in the United States.

10.     Upon information and belief, there are members of the Class who received their COBRA Notice of Rights late.

11.     Upon information and belief, there are members of the Class who received COBRA Notice of Rights that violate the laws and regulations governing said Notices.

12.     Upon information and belief, there are members of the Class who have never received their COBRA Notice of Rights.

13.     The members of the Class are so numerous that joinder of all members is impracticable.  The precise number of members of the Class is not known, but is at least forty (40).

14.     Plaintiffs, Mr. Pierce and Mrs. Pierce, will fairly and adequately protect the interests of the Class and have retained counsel competent in class actions and ERISA litigation. Plaintiffs have no interests that are adverse or antagonistic to those of the Class.

15.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by many individual class members may

be relatively small; thus, the expense and burden of individual litigation make it very difficult for such class members to individually seek redress for the wrongful conduct alleged therein.

16.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class in that Defendants have acted on grounds applicable to the Class.  Among the questions of law and fact common to the Class are:

a.     whether Defendants have violated ERISA by not providing COBRA Notice of Rights in a timely fashion;

b.     whether Defendants have violated ERISA by not providing COBRA Notice of Rights that conform with the laws and regulations governing said Notices; and

c.     whether the members of the Class have been damaged by the conduct of Defendant, and the appropriate measure thereof.

17.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  The names, addresses, and relevant documentation of members of the Class should be in the business records of Defendants. Notice may be provided to members of the Class or their personal representatives via first class mail using techniques and a form of notice similar to those customarily used in class actions.

## IV. Factual Allegations

18.     Plaintiff, Darryl Pierce, was terminated from the Connersville manufacturing facility of Defendants on December 16, 2004.

19.     Plaintiff, Sharon Pierce, was terminated from the Connersville manufacturing facility of Defendants on December 16, 2004.

20.     Plaintiff, Darryl Pierce, did not receive his COBRA Notice of Rights until on or about April 20, 2005.

21.     Plaintiff, Sharon Pierce, did not receive her COBRA Notice of Rights until on or about April 20, 2005.

22.     The Department of Labor investigated the alleged failure of Defendants to provide timely COBRA Notice of Rights to Plaintiffs.

23.     Defendants informed the Department of Labor that the COBRA Notice of Rights of Plaintiffs, Darryl Pierce and Sharon Pierce, had not been timely provided.

24.     Defendants informed the Department of Labor that other former employees of Defendants who worked in the United States had not been timely provided COBRA Notice of Rights.

25.     Defendants informed the Department of Labor that they had allegedly had a "coding" problem causing certain former employees to receive their COBRA Notice of Rights in an untimely manner.

**Count I**
**Violation of ERISA, 29 U.S.C. § 1166**
**Enforceable Pursuant to ERISA, 29 U.S.C. § 1132**

26.     Defendants had a duty to provide Plaintiffs and the members of the Class COBRA Notice of Rights in a timely fashion.

27.     Defendants had a duty to provide Plaintiffs and the members of the Class COBRA Notice of Rights in conformance with the laws and regulations governing said Notices.

28.     Defendants have breached their duty to provide timely COBRA Notice of Rights.

29.     Defendants have breached their duty to provide COBRA Notice of Rights in conformance with the laws and regulations governing said Notices.

30.     Plaintiffs and the members of the Class have been damaged by Defendants' breach of duties.

31.     Defendants are liable for administrative penalties for these breaches of duties.

WHEREFORE, Plaintiffs and the Class pray that the Court:

A.     Grant any and all monetary relief available to Plaintiffs and the Class including, but not limited to, administrative penalties, as permitted by ERISA.

B.     Grant any and all equitable relief available to Plaintiffs and the Class as permitted by ERISA.

C.     Enter an order awarding Plaintiffs and the Class all reasonable attorney fees and costs incurred as a result of these violations of ERISA.

D.     Enter an order for such other relief as may be just and appropriate.

Respectfully Submitted,


Ronald E. Weldy


Mark A. Drummond
Attorneys for Plaintiffs and the Class


Abrams Weldy Drummond & Huiras, PA
2002 Wellesley Boulevard
Suite 300
Indianapolis, IN 46219
Tel: (317) 917-4800
Fax: (317) 917-4801
E-mail: weldy@abramsweldy.com
          dummond@abramsweldy.com