UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| DARRYL PIERCE, and SHARON PIERCE, on | ) | |
| Behalf of Themselves and All Others Similarly | ) | |
| Situated, | ) | |
|                Plaintiffs, | ) | |
| | ) | |
|         vs. | ) | 1:05-cv-1325-LJM-JMS |
| | ) | |
| VISTEON CORPORATION, and | ) | |
| VISTEON SYSTEMS, LLC, | ) | |
|                Defendants. | ) | |

## ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on Plaintiffs', Darryl Pierce and Sharon Pierce (these plaintiffs, collectively, "Named Plaintiffs"), on behalf of themselves and all others similarly situated (all plaintiffs, collectively, "Class Plaintiffs"), Motion for Partial Summary Judgment.  Class Plaintiffs brought this action seeking damages pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1161, *et al.*, for the alleged failure of defendants, Visteon Corporation and Visteon Systems, LLC (collectively, "Visteon"), to provide notice of COBRA rights to qualified beneficiaries in a timely fashion.  Class Plaintiffs contend that because of the nature of the remedy for a violation of COBRA's notice provision, the Court should conclude that the continuing violation doctrine applies to this suit to extend the beginning of the applicable statute of limitations.  Visteon asserts that the Court should follow prior precedent in the Southern District of Indiana, *Piercefield v. Internationl Truck & Engine Corp.*, 2006 WL 2263985 (S.D. Ind. Aug. 7, 2006), to hold that the continuing violation doctrine does not apply to a COBRA claim under 29 U.S.C. § 1166.

For the following reasons, the Court **DENIES** Class Plaintiffs' Motion for Partial Summary Judgment.

## I.  BACKGROUND

Named Plaintiffs worked at Visteon's Connersville, Indiana, facility.  They were terminated as part of a reduction in force, and their benefits expired on December 31, 2004.  The Named Plaintiffs did not received their COBRA notices until April 18, 2005.  The notices advised them that they could elect to receive continuing benefits and that the benefits would be retroactive back to January 1, 2005, thereby providing them with seamless health care coverage.  In order to receive the continuing benefits, Named Plaintiffs would have to make monthly payments, just as they had while employed by Visteon.  Named Plaintiffs did not elect to receive COBRA benefits.

Named Plaintiffs filed this suit to recover statutory *per diem* penalties and other damages pursuant to COBRA, 29 U.S.C. § 1166.  Subsequently, the Court certified a class[1] consisting of the following members:

> All Qualified Beneficiaries of group medical, dental, and/or vision, benefit plans administered by Visteon Corporation and/or Visteon Systems, LLC, in the United States, who were entitled to be provided notice of their COBRA rights due to a qualifying event to a covered employee pursuant to 29 U.S.C. § 1163(a)(1), (2), and (4), and who were not provided said notice in a timely fashion pursuant to 29 U.S.C. § 1166, and whose claims arose within the statute of limitations applicable to the state of the facility in which the Qualified Beneficiary employed by Visteon Corporation and/or Visteon Systems, LLC, in the United States, worked, and whose qualifying event took place on or before September 6, 2005.

---

[1]The Court notes that on September 14, 2006, the Court certified this cause as a class action with a slightly different class definition.  *See* Docket No. 67.  By Order dated October 4, 2007, the Court narrowed the class definition to the one provided here.

Visteon operates a total of thirty-eight facilities in fourteen different states throughout the United States. Each of these states has a different statute of limitations period that could apply to the COBRA notice claims of Class Plaintiffs. Pursuant to an agreement reached by the parties, the effective limitations periods for the states in which Visteon operates facilities will range, depending on the state, from one year to six years.

The duty to provide notice of COBRA rights is imposed by statute. 29 U.S.C. § 1166(a)(2) (stating, in relevant part, that "the employer of an employee under a plan must notify the administrator of a qualifying event . . . within 30 days . . . of the date of the qualifying event . . . ."); *id.* § 1166(a)(4) (stating, in relevant part, that "the administrator shall notify . . . any qualified beneficiary with respect to such event . . . of such beneficiary's rights . . . ."); *id.* § 1166(c) (stating, in relevant part, that "any notification shall be made within 14 days . . . of the date on which the administrator is notified . . . ."). Pursuant to the applicable statutes, Visteon had forty-four days after a qualifying event, such as termination of employment, to provide notice of COBRA rights to Class Members. COBRA also requires a covered employee to notify the employer within sixty days of receiving notice of the desire to continue COBRA coverage. *Id.* § 1166(a)(3). Coverage under COBRA extends for a maximum period of eighteen months after a qualifying event. *Id.* § 1162(2)(A).

Failure to provide notice of COBRA rights pursuant to statute, subjects an employer to penalties under the Employee Retirement Income Security Act ("ERISA"). Specifically,

> Any administrator (A) who fails to meet the requirements . . . of section 1166 of this title . . . with respect to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $1[1]0[2]

---

[2]By regulation, the maximum civil penalty was increased from $100.00 to $110.00 per day. 29 C.F.R. § 575.502c-1.

> a day from the date of such failure . . . and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1).  Courts have held that an employer can be liable for medical costs incurred by eligible beneficiaries that would have been covered by COBRA benefits, but were not because of a failure by an employer to notify the beneficiary, pursuant to the "other such other relief" clause of § 1132(c)(1).  *See Emilien v. Stull Techs. Corp.*, No. 04-3148, 2006 WL 1410001, a *5 (3rd Cir. May 23, 2006); *Messer v. Bd. of Ed. of the City of N.Y.*, No. 01-CV-6129, 2007 WL 136027, at *21 (E.D.N.Y. Jan. 16, 2007); *Lloynd v. Hanover Foods Corp.*, 72 F. Supp. 2d 469, 479 (D. Del. 1999).

## II.  SUMMARY JUDGMENT STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990).  Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(c) ("Rule 56(c)"), which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

There is no dispute about the relevant facts of this case; rather, the parties dispute the proper application of the continuing violation doctrine to the relevant COBRA provisions.  As such, summary judgment is particularly appropriate in favor of one party or the other on the issue raised herein.  *See Masters v. Hesston Corp.*, 291 F.3d 985, 989 (7th Cir. 2002) (stating that "[t]he interpretation of a statute is a question of law").

4

### III. DISCUSSION

Class Plaintiffs contend that the continuing violation doctrine applies to their claims under COBRA because the failure to perform the statutory duty at issue gives rise to statutory daily penalties, which implies that Class Plaintiffs were injured on each day that Visteon failed to give notice.  In addition, Class Plaintiffs argue that each day they went without notification added to the damages they suffered for any medical costs that would have been covered by their COBRA benefits, therefore, the violation is continuing in nature.  Moreover, Class Plaintiffs assert that the punitive nature of the *per diem* damages provision encourages the expansion of the time frame in which beneficiaries should be allowed to file a claim.  Class Plaintiffs aver that the *Piercefield v. International Truck & Engine Corp.*, No. 1:05-cv-1873-DFH-WTL, 2006 WL 2263985 (S.D. Ind. Aug. 7, 2006), decision is incorrect because it fails to consider that an aggrieved individual suffers more than one injury or may incur medical costs that should re-start the statute of limitations.

In contrast, Visteon contends that *Piercefield* is correctly decided and correctly applied the rule that where the alleged wrong is the failure to take some action, such as the failure to provide notice, a claim for violating that duty accrues when the deadline for taking action expires.  Moreover, Visteon argues that the remedy provisions are not compelling circumstances that would justify application of the continuing violation doctrine to a violation of 29 U.S.C. § 1166.

The Court agrees with Visteon that the continuing violation doctrine should not apply to allegations that an employer or administrator violated 29 U.S.C. § 1166.  The accrual date of a statute of limitations, even one borrowed from state law such as is the case here, is a matter of federal common law.  *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001).  The continuing violation doctrine is a matter of federal common law that speaks to this issue.  *Id.* at 319.

> A violation is called "continuing," signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct.  The injuries about which the plaintiff is complaining . . . are the consequence of a numerous and continuous series of events.

*Id.*  But, "[w]hen a single event gives rise to continuing injuries . . . the plaintiff can bring a single suit based on an estimation of his total injuries, and that mode of proceeding is much to be preferred to piecemeal litigation despite the possible loss in accuracy."  *Id.*

In the instant case, there is a single event that gives rise to continuing statutory damages, not a continuing series of events that gives rise to damages each day.  This is consistent with the treatment of other similar violations where a party fails to act in a timely way.  *See, e.g.*, *Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006) (deciding that a city's refusal to release physical evidence for testing was not subject to the continuing violation doctrine because once the denial took place, the continued lack of access was a natural consequence of the denial, not a fresh act); *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1026-27 (7th Cir. 2003) (discussing application of the continuing violation doctrine when a plaintiff alleges that an employer did not pay the correct amount as to each paycheck); *Christiansen v. APV Crevaco, Inc.*, 178 F.3d 910, 914-16 (7th Cir. 1999) (discussing the inapplicability of the continuing violation doctrine to a union's refusal to arbitrate on behalf of a union member); *Jones v. Citibank Fed'l Savings Bank*, 844 F. Supp. 437, 442-43 (stating that a bank's failure to notify an applicant about a loan decision within a certain time frame is the violation, therefore, there is no continuing violation).  Clearly under 29 U.S.C. § 1166, it is Visteon's failure to timely notify Class Plaintiffs of their COBRA rights that violates the statute.  Therefore, as stated by Judge Hamilton in the *Piercefield* case, "there was only one potential lawsuit

arising out of the alleged violation-this suit now before the [C]ourt." *Piercefield*, 2006 WL 2263985, at *3.

The Court is not persuaded by Class Plaintiffs' argument that the damages available under 29 U.S.C. § 1132(c)(1), for violations of 29 U.S.C. § 1166, compel a finding that the continuing violation doctrine should apply here. As explained by the *Heard* court, a plaintiff who does not receive notice of his or her right to COBRA benefits may bring a single suit to recover all of his or her damages, damages that can be determined based on an estimate of his or her total damages. *Heard*, 253 F.3d at 319. Furthermore, the failure to notify within the statutory period is the act that violates 29 U.S.C. § 1166. It is this single act that gives rise to the statutory *per diem* or to the statutory right to receive additional damages that are the natural consequence of the violation; it is not "a numerous and continuous series of events" that triggers application of the damages statute. *Heard*, 253 F.3d at 319. In other words, it is not Class Plaintiffs' entitlement to repayment of medical expenses during the period they were not notified of their COBRA coverage that gives rise to Visteon's liability, rather it is Visteon's failure to provide notice that makes it liable to Class Plaintiffs for any damages under 29 U.S.C. § 1132(c)(1). To hold otherwise would potentially subject employers to limitless liability for harm not of their making. As the *Piercefield* opinion aptly noted, such limitless liability is against the policy reasons behind COBRA: to provide benefit coverage during, at most, an eighteen-month gap in employment. *Piercefield*, 2006 WL 2263985, at *3.

For the foregoing reasons, the Court **DENIES** Class Plaintiffs' Motion for Partial Summary Judgment that the continuing violation doctrine applies to their claims. The statute of limitations period for Class Plaintiffs' claims under 29 U.S.C. § 1166 accrues on the forty-fifth day following any individual's triggering event.

7

## IV.  **CONCLUSION**

For the reasons stated herein, the Court **DENIES** Plaintiffs', Darryl Pierce and Sharon

Pierce, on behalf of themselves and all others similarly situated, Motion for Partial Summary

Judgment.  The statute of limitations period for Class Plaintiffs' claims under 29 U.S.C. § 1166

accrues on the forty-fifth day following any individual's triggering event.

IT IS SO ORDERED this 9th day of October, 2007.


_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana




Electronically distributed to:

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP
hmurphy@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Ronald E. Weldy
ABRAMS & WELDY
weldy@abramsweldy.com

8