UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRYL PIERCE and SHARON PIERCE, )<br>on Behalf of Themselves and All Others )<br>Similarly Situated, )<br>    Plaintiffs, )<br>)<br> vs. )<br>)<br>VISTEON CORPORATION and )<br>VISTEON SYSTEMS, LLC, )<br>    Defendants. ) | 1:05-cv-1325-LJM-JMS |

## ORDER ON PLAINTIFFS' MOTIONS TO REVIEW
## PRE-TRIAL DECISIONS OF MAGISTRATE JUDGE

This cause is now before the Court on plaintiffs', Darryl Pierce and Sharon Pierce, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), Motions to Review Pre-Trial Decisions of Magistrate Judge Stinson. Specifically, Plaintiffs assert that Magistrate Judge Stinson erred when she determined that Plaintiffs and not defendants, Visteon Corporation and Visteon Systems, LLC (collectively, "Visteon"), should bear the costs of mailing certain questionnaires to absent class members. Plaintiffs also assert that Magistrate Judge Stinson erred when she denied Plaintiffs' Motion to Stay pending resolution of their first Motion to Review.

For the reasons stated herein, the Court **DENIES** both of Plaintiffs' Motions to Review.

### I. BACKGROUND

In this case, Plaintiffs seek to recover damages from Visteon for alleged violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.*, by failing to provide timely notice of rights under COBRA to qualified beneficiaries of certain benefit plans

administered by Visteon. *See* 29 U.S.C. § 1166. Specifically, Plaintiffs seek to recover the maximum statutory *per diem* penalty, $110.00, recoverable under COBRA and, in addition, seek to recover equitable damages for out-of-pocket expenses incurred by them as a result of Visteon's alleged failure to provide such timely notice of COBRA benefits.

In January 2008, the Court granted the parties' request to modify the case management plan deadlines. Shortly thereafter, Visteon served written discovery requests upon Plaintiffs to obtain information about the amount of their alleged equitable damages and the potential prejudice underlying Plaintiffs' request for the maximum amount of *per diem* penalty. In large part Visteon sought to clarify the absent class members' allegation of damages.

Plaintiffs' responses were due on March 5, 2008. However, Plaintiffs did not respond by the due date. Instead, on March 24, 2008, Plaintiffs' counsel represented to the Court that he required additional time, up to and including May 5, 2008, to respond to the requests because of the large number of putative class members. Visteon agreed to the extension. In addition, apparently Visteon offered to withdraw the majority of its discovery requests if Plaintiffs would stipulate that the damages sought by absent class members, in terms of prejudice and equitable damages, are no more or less than the equivalent damages claimed by the named plaintiffs. Plaintiffs rejected the offer.

On March 31, 2008, Plaintiffs submitted a statement of special damages in which they do not indicate the amount of equitable damages they seek to recover, or the amount of the *per diem* penalty they seek on behalf of non-employee qualified beneficiaries. Instead, Plaintiffs listed "[a]mount to be determined" for both categories.

On May 5, 2008, Visteon received Plaintiffs' responses to its written discovery requests, which contained no further information regarding damages and repeated blanket objections.

On June 6, 2006, Magistrate Judge Stinson conducted a discovery conference and ordered the parties to meet and confer on a questionnaire to be submitted to the absent class members. Judge Stinson also required the parties to brief the issue of who should pay the costs associated with this discovery. Thereafter, the parties met and submitted to the Magistrate Judge an agreed questionnaire, and fully briefed the issue of costs.

On June 26, 2006, Magistrate Judge Stinson issued an Entry granting Visteon's Motion for Leave to Seek Discovery from Absent Class Members because the parties had agreed to the questionnaire and had agreed that Visteon could seek such discovery. The Magistrate Judge then turned to the question of who should bear the cost of obtaining such discovery. Magistrate Judge Stinson agreed with Visteon that under the general rule cited in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356-58 (1978), the responding party, namely, Plaintiffs, should bear the expense of complying with Visteon's discovery requests. Moreover, the Magistrate Judge noted that Plaintiffs had rejected Visteon's offer to withdraw its discovery requests if Plaintiffs made a stipulation as to the absent class members' claims for damages. Magistrate Judge Stinson rejected Plaintiffs' argument that Visteon should pay for printing and disseminating the questionnaire because several questions were also relevant to Visteon's defenses, an issue upon which it would bear the burden of proof at trial.

On July 17, 2008, the Magistrate Judge denied Plaintiffs' Motion to Stay Mailing of Questionnaires pending a decision on their Motion to Review the Magistrate Judge's ruling dated June 26, 2008.

## II. STANDARD

The Court's review of a magistrate judge's discovery order is governed by Federal Rule of Civil Procedure 72(a), which states: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Using the clear error standard, the Court will overturn the Magistrate Judge's ruling in the instant case "only if [it] is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## III. DISCUSSION

In support of the instant motion, Plaintiffs assert that Visteon's original request for discovery from absent class members ignored Seventh Circuit precedent on the issue. Plaintiffs acknowledge that, in principal they did not object to Visteon performing certain discovery on absent class members and, hence, Plaintiffs agreed to prepare the joint questionnaire. In essence, Plaintiffs contend that the questionnaire is the discovery request itself and as such it should be Visteon's responsibility to produce it and to mail it to absent class members because it bears the burden of propounding discovery requests. Plaintiffs assert that they should only bear the costs of replying to the questionnaire.

Plaintiffs ignore the context in which the need for the questionnaire arose. Visteon had propounded its discovery request upon Plaintiffs; the questionnaire was merely a means for Plaintiffs themselves to respond to those requests. In fact, Magistrate Judge Stinson noted in her Entry that she would have allowed Visteon to obtain the discovery, if they had sought leave of the Court do so

as outlined by the Seventh Circuit, and that Plaintiffs did not object. Plaintiffs assert that Magistrate Judge Stinson ignored other methods by which Plaintiffs could obtain this information at less expense, namely telephone interview or emails, or a less-dense set of questions; therefore it is clearly erroneous. Although it may be true that there are less expensive ways to obtain the information, that is not the method by which Plaintiffs themselves agreed to obtain it. Rather, Plaintiffs suggested a questionnaire. On the current record, the Court sees no error in Magistrate Judge Stinson's ruling.

Plaintiffs' second Motion to Review is predicated on the same argument they made in their first Motion to Review. The Court finds no error in the Magistrate Judge Entries dated June 26, 2008, and July 17, 2008.

### IV. **CONCLUSION**

For the reasons stated herein, the Court **DENIES** plaintiffs', Darryl Pierce and Sharon Pierce, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), Motions to Review Pre-Trial Decisions of Magistrate Judge Stinson (Docket Nos. 148 and 156).

IT IS SO ORDERED this 31st day of July, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP
hmurphy@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com