UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRYL PIERCE and SHARON PIERCE ) <br> on Behalf of Themselves and All Others ) <br> Similarly Situated, ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> VISTEON CORPORATION and ) <br> VISTEON SYSTEMS, LLC, ) <br>         Defendants. ) | 1:05-cv-1325-LJM-JMS |

## **ORDER**

This cause is now before the Court on plaintiffs', Darryl Pierce and Sharon Pierce on behalf of themselves and all others similarly situated ("Plaintiffs"), Motion to Review Non-Dispositive Decision of Magistrate (Docket No. 170); Plaintiffs' Motion *in Limine* to Exclude Evidence from Case (Docket No. 172); Plaintiffs' Motion to Compel (Docket No. 182); Plaintiffs' Motion to Permit Mailing of Notices to Additional Class Members and Approval of Notice of Class Action (Docket No. 190); and Plaintiffs' Motion to Stay Defendants' Motion for Summary Judgment (Docket No. 193) (all of Plaintiffs' motions, collectively, "Plaintiffs' motions"). Despite Plaintiffs' assertions to the contrary, the Court has concluded the substance of Plaintiffs' motions are interrelated and should be addressed together.

The Court rules as follows:

## I. BACKGROUND

On September 6, 2005, Plaintiffs filed this cause asserting that defendants, Visteon Corporation and Visteon Systems, LLC (collectively, "Visteon"), violated the Consolidated Omnibus Budge Reconciliation Act ("COBRA"), 29 U.S.C. § 1166, by failing to provided notice of COBRA rights to qualified beneficiaries, as defined by 29 U.S.C. §§ 1163(a)(1), (2) and/or (4), in a timely fashion.

On February 27, 2007, the Court ordered the parties to submit a joint report concerning outstanding discovery regarding identification of potential class members. Docket No. 82. On March 9, 2007, the parties submitted a Joint Report. Docket No. 87. In the Joint Report, Visteon agreed to identify all employees who had qualifying events, analyzed the data to ascertain why former employees did not receive COBRA notices and to compile the data into a document to produce to the Court and to Plaintiffs. *Id.* Defendants also agreed to ascertain whether employees who did not receive compliant COBRA notices has a spouse and/or dependents that were entitled to a notice of COBRA rights and to provide all available information regarding these spouses and/or dependents. *Id.* On March 14, 2007, the Court ordered Visteon to provide all information outlined in the March 9, 2007, Joint Report within ninety days.

During the discovery period, including the ninety-day period after the Court's March 14, 2007, discovery order, on or about September 15, 2006, June 12, 2007, and June 19, 2007, Visteon produced to Plaintiffs information regarding the separation from employment of every employee at Visteon's approximately thirty-eight facilities located in the United States for the past six years. This information consisted of multiple spreadsheets procured by Visteon from its non-party benefits and COBRA administrators. Apparently, the

information was categorized by facility and/or administrator and generally contained the following information: employee name, address, termination date, termination reason, whether or not a COBRA notice was sent, and if so, the date the notice was sent. In addition, Visteon made marginal notes on the spreadsheets indicating whether it believed the distribution of a particular COBRA notice was timely, or alternatively, why it believed a COBRA notice had not been sent in a timely fashion, or why it believed that a particular employee was not eligible to receive a COBRA notice.

In the four-month period following June 2007, there was some discussion between Plaintiffs' counsel and Visteon's counsel about the meaning of some designations on the spreadsheets. Plaintiffs never sought to depose anyone at Visteon about the information contained in the spreadsheets.

On September 18, 2007, Plaintiffs requested a thirty-day extension of time to serve class notices and asserted that they needed more time to finalize the list of class members. Docket No. 106. Visteon did not oppose the motion, and the Court extended the deadline to serve class notices to October 19, 2007. Docket No. 107. On December 3, 2007, the parties informed the Court that class notices had been sent out. In addition, the Court order the parties to file an Amended CMP within thirty days. Docket No. 119.

The parties submitted a revised CMP, which the Court approved on January 14, 2008. Docket No. 124. The revised CMP established a liability discovery deadline of June 6, 2008, and a damages discovery deadline of September 29, 2008. *Id.*

On May 30, 2008, Plaintiffs served a notice to take a Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") deposition of Visteon's corporate representative. By letter dated June 18, 2008, Visteon memorialized its general objection to the untimeliness of Plaintiffs'

notice, given that the liability cutoff date was only one week away. Def.'s Resp. to Mot. to Review, Ex. A. The same letter also made specific objections to each of the Rule 30(b)(6) deposition notice topics, many of which referenced the close relationship of the information sought to liability rather than damages. *Id.*

Plaintiffs responded by letter dated September 19, 2008, asserting that each of the topics objected to on the grounds of relevance to liability were relevant to damages. Def.'s Resp. to Mot. to Review, Ex. B. Plaintiffs cited *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223 (11th Cir. 2002), in support of this proposition. Def.'s Resp. to Mot. to Review, Ex. B.

On November 3, 2008, Plaintiffs filed a Motion to Vacate Deadline, Extend Dispositive Motion Deadline and Vacate Order to Expedite Transcript ("Motion to Vacate"). Docket No. 163. In the Motion to Vacate, Plaintiffs asserted that earlier in the day they had received "new" evidence from Visteon that 771 of the putative class members had received COBRA notices through one of Visteon's third-party administrators, Ford Healthcare Management (the "Ford discovery"). *Id.* & Ex. A thereto.

On November 4, 2008, Visteon opposed the Motion to Vacate. Docket No. 164. Visteon argued that the Ford discovery had nothing to do with whether or not the issues in the case could be decided by the Court on the briefs or with a trial and asked that if the Motion to Vacate was granted, that the Court limit Plaintiffs' time in which to file their motion for relief from trial. *Id.*

On November 10, 2008, Plaintiffs replied that the parties had completed the Rule 30(b)(6) deposition of Visteon on November 6-7, 2008, and that Plaintiffs had decided not to file a Motion for Relief from Summary Judgment, but rather that Plaintiffs intended to file

4

their own Motion for Summary Judgment.  Docket No. 165.  Plaintiffs asked that the deadline for filing their Motion for Relief from Trial be vacated until after the Court ruled on the parties' Motions for Summary Judgment.  *Id.*

Moreover, in the same brief, Plaintiffs asserted that they had learned more information at the Rule 30(b)(6) deposition about the eligibility of retirees to received a notice of COBRA rights.  *Id.*  Plaintiffs asserted that up until the Rule 30(b)(6) deposition they had been under the impression from discovery already had from Visteon that all retirees were not entitled to a notice of COBRA rights.  *Id.*  Specifically, Plaintiffs asserted:

> 21. However, at the Rule 30(b)(6) deposition, the deponent clarified that just because the spreadsheets state that an employee was eligible to retire, there is no basis to assume that the employee retired.  As such, any employee who separated, but did not chose to retire would have suffered a qualifying event and been entitled to a Notice of COBRA Rights for any benefits that he or she had at separation.
>
> 22. Additionally, even assuming that a separating employee did retire upon separation, only medical and perhaps dental benefits (depending on the time period) would have continued as retirement benefits.  A retiring employee would have suffered a qualifying event as to any vision benefits, health care savings plan benefits, and/or possibly, dental benefits that the employee had as of separation.

*Id.*  As a result, Plaintiffs had not heretofore not considered over 2,000 employees as potential members of the class that should have been so considered.  *Id.*

Furthermore, in the same brief, Plaintiffs informed the Court that at the Rule 30(b)(6) deposition, the parties became aware that no information concerning employees who had separated employment from Visteon's plant in Puerto Rico prior to the plants closing in 2006 had been supplied to Plaintiffs as of November 10, 2008.  *Id.*

In addition, Plaintiffs asserted that they would need more time to conduct discovery on the "corrected information." *Id.* Therefore, Plaintiffs asked for an extension of the dispositive motion deadline, and again requested that the Court vacate the requirement that Plaintiffs pay to expedite the Rule 30(b)(6) deposition transcript to accommodate the existing dispositive motion deadline in December.

By entry dated November 12, 2008, Magistrate Judge Stinson acknowledged these additional requests and specifically allowed Visteon the opportunity to respond to Plaintiffs' assertion that additional discovery into the issues raised in paragraphs 15 through 25 of Plaintiffs' reply brief was appropriate. Docket No. 166.

On November 17, 2008, Visteon filed its Surreply. Docket No. 167. Therein, Visteon asserted that the purpose of the Rule 30(b)(6) deposition at which Plaintiffs claimed to have obtained additional information about putative class members was damages, not liability. Therefore, Visteon argued that Plaintiffs' questions in that regard were beyond the scope of the Rule 30(b)(6) deposition and should be considered untimely. *Id.* Moreover, Visteon averred that Plaintiffs misconstrued the Rule 30(b)(6) witness' answers regarding the information contained on the spreadsheets. *Id.*

In addition, Visteon argued that Plaintiffs' failure to obtain the information they needed regarding the putative class members during discovery was not Visteon's fault because all of the information needed to make the relevant determinations were in Plaintiffs' hands. *Id.* Despite making several inquiries about the information they received, Visteon averred that Plaintiffs had never raised an issue regarding retirees prior to the Rule

6

30(b)(6) deposition. *Id.* Visteon objected to Plaintiffs' attempt to add approximately 2,000 class members five months after the close of liability discovery. *Id.*

Similarly, Visteon argued that any issue with respect to Puerto Rico employees was not of Visteon's making. *Id.* Rather, Plaintiffs waited to ask questions about Puerto Rico discovery until the Rule 30(b)(6) deposition. *Id.* Furthermore, Visteon asserted that it had produced all relevant and available information about its Puerto Rico employees. *Id.*

Visteon also renewed its objection to any extension of the dispositive motion deadline. *Id.*

On November 18, 2008, Magistrate Judge Stinson issued an entry ("November 18 Entry") on Plaintiffs' original motion (Docket No. 163). Docket No. 168. In the November 18 Entry, the Magistrate Judge recognized that Plaintiffs had received the Ford discovery on November 3, 2008, just prior to the Rule 30(b)(6) deposition scheduled for November 4, and 7, 2008. Docket No. 168. With respect to this discovery, Magistrate Judge Stinson agreed that "Plaintiffs should have an opportunity to further investigate that recently discovered information." *Id.* at 2. Moreover, the Magistrate Judge noted that she had provided Visteon the opportunity to further respond with respect to the "corrected information" identified by Plaintiffs. *Id.* at 2-3.

With respect to that "corrected information," Magistrate Judge Stinson identified two categories of information: the 2007 spreadsheet information regarding retired employees ("retiree information") and the Puerto Rico plant information. With respect to retiree information, Magistrate Judge Stinson agreed with Visteon that questions related to retirees were related to liability and, therefore, were beyond the scope of the Rule 30(b)(6)

deposition related to damages. *Id.* at 3. She also ruled that "Plaintiffs have had ample opportunity to conduct discovery on this issue. Discovery will not be reopened on this issue." *Id.*

With respect to the Puerto Rico plant information, Magistrate Judge Stinson concluded that Plaintiffs now had in their possession all information relevant to the Puerto Rico facility; "that all of the salaried Puerto Rico employees received a COBRA notice;" and "no further discover on this issue [was] necessary." *Id.* at 3-4.

The Magistrate Judge shortened the time for Visteon to respond to any written interrogatories related to the Ford discovery, and moved the dispositive motion deadline to allow the parties to incorporate such discovery into those motions. *Id.* at 4.

On December 3, 2008, Plaintiffs filed their Motion to Review arguing that Magistrate Judge Stinson erred when she ruled: (1) that certain areas of inquiry at the Rule 30(b)(6) deposition were related to liability rather than damages; (2) that discovery regarding certain putative class members would not be re-opened; and (3) that no further discovery regarding Puerto Rico employees was necessary.

Also on December 3, 2008, Plaintiffs moved *in limine* to exclude evidence produced by Visteon on October 8, 2008, that fifteen class members had entered into settlement or severance agreements; and to exclude evidence produced by Visteon on November 3, 2008, that 771 class members actually did receive COBRA notices; because said information was provided after the liability discovery cutoff date. Docket No. 172.

On December 19, 2008, Visteon filed a Motion for Partial Summary Judgment based on the above-referenced evidence that Plaintiffs seek to exclude *in limine*.

On January 5, 2009, Plaintiffs filed a Motion to Compel. Docket No. 182. Plaintiffs' Motion to Compel focuses on retiree discovery. Specifically, Plaintiffs state that after Visteon's production of the spreadsheets in 2007,

> counsel for the parties communicate frequently regarding questions of [Plaintiffs] concerning the information that had been provided by [Visteon] in the spreadsheets. The parties communicated via e-mail. The parties also communicated at least eight (8) times via phone. At no time during this period did [Visteon] ever inform [Plaintiffs] that [Visteon] would not provide the information or clarification requested by [Plaintiffs] without a formal discovery request. During one of the telephone communications, [Plaintiffs'] Counsel asked counsel for [Visteon] why the Alleged Retirees were not entitled to a Notice of COBRA Rights. Counsel for [Visteon] informed [Plaintiffs'] Counsel that the Alleged Retirees had retired and did not suffer a qualifying event because they continued to receive their benefits upon retirement. Based upon this reasonable explanation, none of the Alleged Retirees were sent notice of this Class action or considered members of the Class.

*Id.* at 4 (citations omitted). Plaintiffs then assert that they learned more specific information related to eligibility of retirees for COBRA benefits at the Rule 30(b)(6) deposition, which made the prior representations by Visteon's counsel incomplete or incorrect. *Id.* at 4-7. Plaintiffs contend that Visteon's failure to recognize that its prior answers were incomplete or incorrect violates its duty to supplement discovery. Therefore, Plaintiffs argue that the Court should compel Visteon to provide complete and correct information about whether or not retirees received relevant COBRA notices.

In response, Visteon asserts that Plaintiffs' failure to evaluate the spreadsheets and to perform discovery about the information contained therein is to blame for any discrepancies in the information related to retirees. Docket No. 194. Moreover, Visteon again maintains its objection to the scope of the Rule 30(b)(6) deposition because it focused mainly on the information contained in the spreadsheets, not on damages. *Id.*

9

In addition, Visteon asserts that any mistakes related to the retiree information were made by Plaintiffs' counsel independent of any information provided to him by Visteon. *Id.* Namely, Plaintiffs' counsel included in the original class notice nearly 500 retirees pursuant to his own evaluation of the spreadsheet information that Visteon had asserted were not entitled to COBRA coverage. *Id.* In essence, Visteon argues that there is nothing to supplement because it has turned over to Plaintiffs all relevant information about retirees.

On January 14, 2009, Plaintiffs filed a Motion to Permit Mailing of Notices to Additional Class Members and [for] Approval of Notice of Class Action ("Motion to Mail"). Docket No. 191. In the Motion to Mail, Plaintiffs contend that based on the Rule 30(b)(6) deposition testimony of Visteon's representative, Plaintiffs' perception of who were potential members of the class vis-a-vis retirees was wrong because of Visteon's misinformation and/or false information contained in the spreadsheets produced by Visteon in 2007, or obtained by Plaintiffs' counsel from Visteon's counsel thereafter. *Id.* Further, Plaintiffs are particularly concerned about some persons who were identified as being "active" employees, yet also show a termination date and reason for termination on another spreadsheet. *Id.* Visteon opposes the Motion to Mail largely on the same grounds that it challenges Plaintiffs' other motions. Docket No. 199.

On January 21, 2009, Plaintiffs filed a Motion to Stay Defendants' Motion for Summary Judgment, arguing that Visteon's motion is based on evidence Plaintiffs have sought to exclude in their Motion *in Limine*. Docket No. 193.

## II. **DISCUSSION**

At the outset, the Court must state that it cannot agree with Plaintiffs that its motions are distinct from one another. All of their motions relate to the production of potential class member information provided to Plaintiffs by Visteon in 2007. In addition, several of their briefs copy, wholesale, sections of earlier briefs to support their arguments. All of Plaintiffs' briefs highlight the importance of the information Plaintiffs learned at the Rule 30(b)(6) deposition. Moreover, even Plaintiffs' most recent request to send out additional class notices is directly related to the information Plaintiffs learned during the Rule 30(b)(6) deposition, the scope of which was a subject addressed by the Magistrate Judge's November 18 Entry.

Starting with Plaintiffs' Motion to Review, the Court's review of a magistrate judge's order is governed by Rule 72(a), which states: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Using the clear error standard, the Court will overturn the Magistrate Judge's ruling in the instant case "only if [it] is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

In her November 18 Entry Magistrate Judge Stinson made findings about all of the issues that had been presented to her in the briefs on Plaintiffs' Motion to Vacate. Specifically, Plaintiffs clearly raised issues related to the efficacy of Visteon's discovery production because of the information they learned during the Rule 30(b)(6) deposition. Moreover, Visteon objected to Plaintiffs' arguments in this regard on the grounds that the information Plaintiffs relied upon was outside the intended scope of the Rule 30(b)(6)

11

deposition. All parties had a fair opportunity to argue about this issue. Therefore, to the extent that Plaintiffs challenge the November 18 Entry on the grounds that the Magistrate Judge ruled on issues not before her, Plaintiffs' Motion to Review is **DENIED**.

Plaintiffs also challenge the correctness of the Magistrate Judge's decisions to sustain Visteon's objections to Plaintiffs' inquiry into liability issues at the Rule 30(b)(6) deposition, to sustain Visteon's objection to Plaintiffs' request to re-open discovery on the retiree information and on the Puerto Rico information. The Court cannot agree with Plaintiffs that Magistrate Judge Stinson's decisions either were clearly erroneous or contrary to law. Visteon produced the spreadsheet information that is at the center of Plaintiffs' current arguments in June 2007. Rather than make a timely request for a Rule 30(b)(6) deposition on this information so that they may make an informed decision about potential class members, Plaintiffs waited until the eleventh hour of liability discovery to even notice such a deposition.

Moreover, when faced with Visteon's objections to those topics, Plaintiffs responded three months later asserting that the information was relevant to damages. Def.'s Resp. to Mot. to Review, Ex. B. The Court agrees with Plaintiffs that some of the seemingly contradictory information contained in the various spreadsheets is confusing and that some of the Rule 30(b)(6) deposition testimony clarifies that information. However, it was incumbent upon Plaintiffs timely to notice and to take a Rule 30(b)(6) deposition on the information contained in those spreadsheets. Waiting until the eleventh hour of discovery to make such inquiry, and after making unilateral decisions on who should receive notice of this action based upon conversations between lawyers, is too late. Magistrate Judge Stinson neither erred when she sustained Visteon's objection to the scope of inquiry at the

Rule 30(b)(6) deposition nor erred when she ruled that discovery regarding additional class members, other than the Ford discovery, would not be re-opened. Plaintiffs' inquiry into the meaning of Visteon's and its third-party administrators' codes on the spreadsheets came too late.

Plaintiffs also seem to argue that the Court should require Visteon to supplement the spreadsheets with more information; however, Visteon has no more information to produce. As they argue in support of their Motion to Mail, Plaintiffs acknowledge that the information on the spreadsheets, as clarified by the Rule 30(b)(6) deposition, was all they needed to determine who should be in the class.

Similarly, based on the record evidence, Magistrate Judge Stinson did not err when she ruled that no further discovery regarding Puerto Rico employees was necessary. Visteon has given Plaintiffs all the information that is available regarding the Puerto Rico employees.

For those reasons, Plaintiffs' Motion to Review is **DENIED**.

Plaintiffs' Motion to Compel and Motion to Mail are also **DENIED** for similar reasons. All of the information Plaintiffs rely upon in their Motion to Compel and their Motion to Mail was gathered by Plaintiffs during the Rule 30(b)(6) deposition and is based on spreadsheets disclosed to Plaintiffs in June 2007. As stated above, faced with seemingly inconsistent and/or confusing information on the spreadsheets, it was incumbent upon Plaintiffs to notice and to take a Rule 30(b)(6) deposition regarding this information in a timely fashion. Having failed to do so, Plaintiffs cannot now complain that the information was inconsistent and/or misleading. The spreadsheets contain all the records that exist.

In fact, as Plaintiffs themselves assert in the Motion to Mail, the Rule 30(b)(6) deposition testimony clarified the information therein such that Plaintiffs could ascertain additional individuals who should obtain notice. But, Plaintiffs sought and obtained this clarification too late.

With respect to Plaintiffs' Motion *in Limine*, the Court finds their arguments inconsistent with the duty of parties to supplement their discovery responses pursuant to Rule 26(e). In their Motion to Compel, Plaintiffs argue that the Court should order Visteon to supplement its discovery responses pursuant to Rule 26(e); however, when Visteon did just that with respect to certain class members, Plaintiffs seek to exclude that evidence. Plaintiffs cannot exclude evidence that is properly identified as supplemental information just because it is adverse to their cause. For this reason, Plaintiffs' Motion *in Limine* is **DENIED**. Correspondingly, their Motion to Stay is also **DENIED**. Plaintiffs shall have fifteen days from the date of this Order to file their response to Visteon's Motion for Partial Summary Judgment.

### III.  CONCLUSION

For the reasons stated herein, the Court **DENIES** plaintiffs', Darryl Pierce and Sharon Pierce on behalf of themselves and all others similarly situated ("Plaintiffs"), Motion to Review Non-Dispositive Decision of Magistrate (Docket No. 170); Plaintiffs' Motion *in Limine* to Exclude Evidence from Case (Docket No. 172); Plaintiffs' Motion to Compel (Docket No. 182); Plaintiffs' Motion to Permit Mailing of Notices to Additional Class Members and Approval of Notice of Class Action (Docket No. 190); and Plaintiffs' Motion to Stay Defendants' Motion for Summary Judgment (Docket No. 193).  Plaintiffs shall have fifteen (15) days from the date of this Order to respond to defendants', Visteon Corporation and Visteon Systems, LLC, Motion for Partial Summary Judgment.

IT IS SO ORDERED this  03/26/2009

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP
hmurphy@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com