IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRYL PIERCE and SHARON PIERCE on Behalf of Themselves and All Others Similarly Situated, | ) ) ) Class Action ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 1:05-cv-1325 LJM-JMS ) |
| VISTEON CORPORATION and VISTEON SYSTEMS, LLC, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Comes now the Class, by Class Counsel, Ronald E. Weldy, hereby submits its memorandum of law in Opposition to Defendants', Visteon Corporation and Visteon Systems, LLC ("Administrator"), Motion for Parial Summary Judgment.

**I. INTRODUCTION**

Without waiving its right to appeal the denial of the Motion *In Limine* by this Court on March 26, 2009, the Class does not object to summary judgment being entered as to the following individual Class Members:

| | | |
|---|---|---|
| Wenseslao Holguin | James J. Kelly | Michael Hagemann |
| Alberto Delfim | Paul G. Stever | Luiz C. Rodrigues |
| Stephen De La Salle | Radboud Vaessen | Paul McNeill |
| Rodrigo Guillen | Luis Munoz | Andrezj Polak |
| Frank Amirhamzeh | Bibiane Comte | Christopher Duco |
| James Fazio | Daniel Gizaw | Denise James |
| Ahmed Omara | William Patton | Ross Richardson |
| Anthony Verbiscus | | |

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

The Class hereby relies upon the following material facts:

1. Salaried employees of Visteon Systems, LLC, Visteon Corporation and Global Technologies, were eligible for vision benefits during the relevant timeframe. *See* (Rule 30(b)(6) Deposition ("Def's Dep."), pp. 91, 96; excerpts of this deposition are attached to the Designation of Evidence of the Class as Exhibit A).

2. Salaried employees also could have had health care spending accounts. *See* (Def's Dep., p. 189).

3. All of the Class Members at issue were salaried employees. *See* (Def's Dep., p. 68).

4. The qualifying event date for Hong Zhou was January 1, 2005. *See* (Affidavit of Ronald E. Weldy ("Weldy Aff."), ¶4).

5. Mr. Zhou signed his settlement or severance agreement on December 22, 2004. *See* (Zhou Agreement designated by Administrator under seal).

6. Mr. Zhou's agreement states that he is releasing Administrator for all liabilities "through the date Zhou executes this Agreement …" *See* (Zhou Agreement, ¶3).

7. The qualifying event date for Ana Wagner was April 2, 2004. *See* (Weldy Aff., ¶5).

8. Ms. Wagner signed her settlement or severance agreement on February 17, 2004. *See* (Wagner Agreement designated by Administrator under seal).

9. Ms. Wagner's agreement states that she is releasing Administrator for all liabilities "through the date Wagner executes this Agreement …" *See* (Wagner Agreement, ¶4).

10. The qualifying event date for Subhash Mahendru was November 4, 2004. *See* (Weldy Aff., ¶6).

11. Mr. Mahendru signed his settlement or severance agreement on October 26, 2004. *See* (Mahendru Agreement designated by Administrator under seal).

12. Mr. Mahendru's agreement states that he is releasing Administrator for all liabilities "through the date Mahendru executes this Agreement …" *See* (Mahendru Agreement, ¶3).

13. The qualifying event date for Kenneth Ford was April 2, 2004. *See* (Weldy Aff., ¶7).

14. Mr. Ford signed his settlement or severance agreement on March 24, 2004. *See* (Ford Agreement designated by Administrator under seal).

15. Mr. Ford's agreement states that he is releasing Administrator for all liabilities "through the date Ford executes this Agreement …" *See* (Ford Agreement, ¶3).

16. The qualifying event date for Javay Coleman was January 31, 2005. *See* (Weldy Aff., ¶8).

17. Mr. Coleman signed his settlement or severance agreement on January 25, 2005. *See* (Coleman Agreement designated by Administrator under seal).

18. Mr. Coleman's agreement states that he is releasing Administrator for all liabilities "through the date Coleman executes this Agreement …" *See* (Coleman Agreement, ¶3).

## III.  RESPONSE TO STATEMENT OF MATERIAL FACTS

The Class hereby disputes the following facts alleged by Administrator.

1. *Specifically, Visteon learned that whenever an employee had a qualifying event, Ford mailed the employee a postcard with their final paycheck expressly advising the employee of their COBRA rights.  The final paycheck and the accompanying COBRA postcard would have been mailed no later than the next scheduled payroll cycle after the employee's last day of employment.  Visteon was not involved in mailing the COBRA postcards to the employees.  See* (Doc. #175, p. 5).

and

*The information furnished by Ford demonstrates that 771 individuals currently in the Class, in fact received COBRA notices in a timely manner.  See* (Doc. #175, p. 6).

Administrator has failed to designate any evidence from Ford as to the date any Class Member was allegedly sent a COBRA postcard by Ford.  While Administrator has designated evidence as to the alleged procedure followed by Ford, the specific date on which each relevant Class Member was sent a COBRA postcard by Ford has not been provided.  Given that Administrator was not involved in the mailing of the COBRA postcards, only Ford would have knowledge of this information.

2. *At the time Ford mailed the COBRA postcards to the Visteon employees, it made a contemporaneous entry in its computer system confirming that the employee had been sent the COBRA postcard, and also recording whether the employee had been sent a postcard relating to general medical coverage, dental coverage, or both, and the type of postcard that was mailed to the employee.  See* (Doc. #175, pp. 5-6).

Administrator has failed to designate any evidence from Ford whether any relevant Class Member was allegedly sent a COBRA postcard by Ford regarding the vision benefits and/or health care spending account of any Class Member. Administrator has not designated any evidence as to the benefits that any of the relevant Class Members had beyond medical and dental benefits. Salaried employees of Visteon Systems, LLC, Visteon Corporation and Global Technologies, were eligible for vision benefits during the relevant timeframe. *See* (Def's Dep., pp. 91, 96). Salaried employees also could have had health care spending accounts. *See* (Def's Dep., p. 189). All of the Class Members at issue were salaried employees. *See* (Def's Dep., p. 68).

3. *The information furnished by Ford demonstrates that 771 individuals currently in the Class, in fact received COBRA notices in a timely manner. See* (Doc. #175, p. 6).

According to the spreadsheet to which Ford added information, not all 771 Class Members which are relevant to this Motion were provided COBRA postcards by Ford as alleged. Based upon the designated evidence, there is no evidence that the following individuals received COBRA postcards from Ford:

| Lawrence Bullock | Shuhei Maruyama | Curtis Lukianoff |
| James Long | Mark Bewick | Craig Kleopfer |
| George Markou | John Slupek | Mary McGrath |
| John Gauthier | Scott Brown | Marc Minor |
| Carinna Smith | David Dixon | |

*See* (Doc. #176-5).

## IV. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." *Adams v. Wal-Mart Stores, Inc.,* 324 F.3d 935, 938 (7th Cir. 2003) *citing* Rule 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to the nonmoving party and draw all reasonable and justifiable inferences in favor of that party." *Id. citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970). Administrator is not entitled to summary judgment under this standard given that a rational trier of fact could find for the Class.

## V. ARGUMENT

### A. Some Class Members Did Not Receive Postcards

According to the designated evidence, not all 771 Class Members which are relevant to this Motion were provided COBRA postcards by Ford as alleged. There is no evidence that the following individuals received COBRA postcards from Ford:

| | | |
|---|---|---|
| Lawrence Bullock | Shuhei Maruyama | Curtis Lukianoff |
| James Long | Mark Bewick | Craig Kleopfer |
| George Markou | John Slupek | Mary McGrath |
| John Gauthier | Scott Brown | Marc Minor |
| Carinna Smith | David Dixon | |

*See* (Doc. #176-5).

### B. Evidence Does Not Support Exclusion of Class Members

#### 1. No Evidence That Ford Sent COBRA Postcards in Timely Fashion

Administrator contends that Ford sent COBRA postcards to the 771 Class Members at issue in a timely fashion. However, Administrator has failed to designate any evidence from Ford as to the date any Class Member was allegedly sent a COBRA postcard by Ford. While Administrator has designated evidence as to the alleged procedure followed by Ford, the specific date on which each relevant Class Member was sent a COBRA postcard by Ford has not been

provided. Without this information, it is impossible for Administrator to establish that these COBRA postcards were timely sent as a matter of law.

### 2. No Evidence That Ford Sent COBRA Postcard Regarding All Relevant Benefits

Administrator has failed to designate any evidence from Ford whether any of the 771 Class Members were allegedly sent a COBRA postcard by Ford regarding vision benefits and/or a health care spending account. Salaried employees of Visteon Systems, LLC, Visteon Corporation and Global Technologies, were eligible for vision benefits during the relevant timeframe. *See* (Def's Dep., pp. 91, 96). Salaried employees also could have had health care spending accounts. *See* (Def's Dep., p. 189). All of the Class Members at issue were salaried employees. *See* (Def's Dep., p. 68). More importantly, Administrator has not designated any evidence as to the benefits that any of the relevant Class Members had beyond medical and dental benefits. Without information concerning the benefits of each Class Member, it is impossible to know if they received a COBRA notice for all of their relevant benefits.[1]

### B. COBRA Claims Not Released by Agreements

By their terms, the agreements of Mr. Zhou, Ms. Wagner, Mr. Mahendru, Mr. Ford, and Mr. Coleman do not waive their COBRA claims. As the facts demonstrate, the COBRA cause of actions of Mr. Zhou, Ms. Wagner, Mr. Mahendru, Mr. Ford, and Mr. Coleman had not yet accrued prior to them executing their respective agreements. As such, their COBRA claims against Administrator have not been waived.

The qualifying event date for Mr. Zhou was January 1, 2005. *See* (Weldy Aff., ¶4). Administrator had 44 days, or until February 14, 2005, to provide Mr. Zhou with his COBRA

---

[1] Even if Administrator could provide information concerning the benefits of each Class Member, it does not appear that Ford kept record of whether COBRA notice regarding vision benefits and/or health care spending accounts were sent. As such, any of the 771 Class Members with either of these benefits could not be excluded from the Class.

- 7 -

notice. *See* 29 U.S.C. §1166(a)(2) & (c); (Calendar). Mr. Zhou's COBRA cause of action, if any, would accrue on February 15, 2005. *See Piercefield v. Int'l Truck & Engine Corp.,* 2006 WL 2263985 (S.D. Ind. Aug. 7, 2006). Mr. Zhou signed his agreement on December 22, 2004. *See* (Zhou Agreement). Given that Mr. Zhou's agreement states that he is releasing Administrator for all liabilities "through the date Zhou executes this Agreement …" it is clear that based upon the unambiguous language of the agreement that Mr. Zhou was not releasing Administrator from his future, unknown COBRA claim when he executed his agreement on December 22, 2004. *See* (Zhou Agreement, ¶3).

The qualifying event date for Ms. Wagner was April 2, 2004. *See* (Weldy Aff., ¶5). Administrator had 44 days, or until May 16, 2004, to provide Ms. Wagner with her COBRA notice. *See* 29 U.S.C. §1166(a)(2) & (c); (Calendar). Ms. Wagner's COBRA cause of action, if any, would accrue on May 17, 2004. *See Piercefield,* 2006 WL 2263985. Ms. Wagner signed her agreement on February 17, 2004. *See* (Wagner Agreement). Given that Ms. Wagner's agreement states that she is releasing Administrator for all liabilities "through the date Wagner executes this Agreement …" it is clear that based upon the unambiguous language of the agreement that Ms. Wagner was not releasing Administrator from her future, unknown COBRA claim when she executed her agreement on February 17, 2004. *See* (Zhou Agreement, ¶4).

The qualifying event date for Mr. Mahendru was November 4, 2004. *See* (Weldy Aff., ¶6). Administrator had 44 days, or until December 18, 2004, to provide Mr. Mahendru with his COBRA notice. *See* 29 U.S.C. §1166(a)(2) & (c); (Calendar). Mr. Mahendru's COBRA cause of action, if any, would accrue on December 18, 2004. *See Piercefield,* 2006 WL 2263985. Mr. Mahendru signed his agreement on October 26, 2004. *See* (Mahendru Agreement). Given that Mr. Mahendru's agreement states that he is releasing Administrator for all liabilities "through the

date Mahendru executes this Agreement …" it is clear that based upon the unambiguous language of the agreement that Mr. Mahendur was not releasing Administrator from his future, unknown COBRA claim when he executed his agreement on October 26, 2004. *See* (Mahendru Agreement, ¶3).

The qualifying event date for Mr. Ford was April 2, 2004. *See* (Weldy Aff., ¶7). Administrator had 44 days, or until May 16, 2004, to provide Mr. Ford with his COBRA notice. *See* 29 U.S.C. §1166(a)(2) & (c); (Calendar). Mr. Ford's COBRA cause of action, if any, would accrue on May 17, 2004. *See Piercefield,* 2006 WL 2263985. Mr. Ford signed his agreement on March 24, 2004. *See* (Ford Agreement). Given that Mr. Ford's agreement states that he is releasing Administrator for all liabilities "through the date Ford executes this Agreement …" it is clear that based upon the unambiguous language of the agreement that Mr. Ford was not releasing Administrator from his future, unknown COBRA claim when he executed his agreement on March 24, 2004. *See* (Ford Agreement, ¶3).

The qualifying event date for Mr. Coleman was January 31, 2005. *See* (Weldy Aff., ¶8). Administrator had 44 days, or until March 16, 2005, to provide Mr. Coleman with his COBRA notice. *See* 29 U.S.C. §1166(a)(2) & (c); (Calendar). Mr. Coleman's COBRA cause of action, if any, would accrue on March 17, 2005. *See Piercefield,* 2006 WL 2263985. Mr. Coleman signed his agreement on January 25, 2005. *See* (Coleman Agreement). Given that Mr. Coleman's agreement states that he is releasing Administrator for all liabilities "through the date Coleman executes this Agreement …" it is clear that based upon the unambiguous language of the agreement that Mr. Coleman was not releasing Administrator from his future, unknown COBRA claim when he executed his agreement on January 25, 2005. *See* (Coleman Agreement, ¶3).[2]

---

[2] Counsel for Administrator has violated Rule 11 with its frivolous arguments regarding the settlement or severance agreements of Mr. Zhou, Ms. Wagner, Mr. Mahendru, Mr. Ford, and Mr. Coleman. It is apparent that counsel for

## VI. CONCLUSION

Based upon the above, Employee respectfully requests that this Court deny Defendant's Motion for Partial Summary Judgment.

Respectfully submitted,

WELDY & ASSOCIATES

s/Ronald E. Weldy
Ronald E. Weldy
Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served electronically on this 10th day of April, 2009 to the following:

Robert Anthony Prather - tony.prather@btlaw.com
Hannesson I. Murphy - hmurphy@btlaw.com

s/Ronald E. Weldy
Ronald E. Weldy
Weldy & Associates
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
Fax: (317) 842-6933
E-mail: weldy@weldylaw.com

---

Administrator made no effort to check the relevant dates or the release language of each agreement. As such, Class Counsel has been forced to expend time and effort researching, compiling and drafting the opposition for these Class Members when the facts clearly do not support the argument of Administrator. Class Counsel requests that this Court grant the Class $687.50 in attorney fees which represent 2.5 hours at $275.00 for the time of Class Counsel for this sanctionable conduct. *See* (Weldy Aff., ¶9).