UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DARRYL PIERCE and SHARON PIERCE )
on Behalf of Themselves and All Others )
Similarly Situated, )
    Plaintiff, )
     )
vs. )   1:05-cv-1325-LJM-TAB
     )
VISTEON CORPORATION and VISTEON )
SYSTEMS, LLC, )
    Defendants. )

## ORDER ON PLAINTIFFS' MOTION TO RECONSIDER

This matter comes before the Court on Plaintiffs', Darryl Pierce and Sharon Pierce on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), Motion to Reconsider Denial of the Class' Motion to Review Non-Dispositive Decision of Magistrate in Part and Motion to Permit Mailing of Notices to Additional Class Members and Approval of Notice of Class Action. The Court rules as follows.

## I. BACKGROUND

On September 6, 2005, Plaintiffs filed this cause asserting that Visteon violated the Consoldiated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166, by failing to provide notice of COBRA rights to qualified beneficiaries, as defined by 29 U.S.C. §§ 1163(2), (4) in a timely fashion. On June 26, 2009, the Court stayed proceedings in the cause pending the conclusion of Visteon's bankruptcy petition. Dkt. No. 219. On February 8, 2011, the Bankruptcy Court for the District of Delaware issued an order lifting the plan injunction and permitting this Court adjudicate the instant claims. Dkt. No. 221-1. On

March 2, 2011, the Court issued an order lifting the stay. Dkt. No. 222. In light of the protracted nature of this litigation, the Court will lay out the background of the case with some specificity.

On September 6, 2005, Plaintiffs filed this cause asserting that defendants, Visteon Corporation and Visteon Systems, LLC (collectively, "Visteon"), violated the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166, by failing to provide notice of COBRA rights to qualified beneficiaries, as defined by 29 U.S.C. §§ 1163(a)(1), (2) and/or (4), in a timely fashion.

On February 27, 2007, the Court ordered the parties to submit a joint report concerning outstanding discovery regarding identification of potential class members (the "Joint Report"). Dkt. No. 82. On March 9, 2007, the parties submitted the Joint Report. Dkt. No. 87. In the Joint Report, Visteon agreed to identify all employees who had qualifying events, analyze the data to ascertain why former employees did not receive COBRA notices, and compile the data into a document to produce to the Court and to Plaintiffs. *Id.* Visteon also agreed to ascertain whether employees who did not receive compliant COBRA notices had a spouse and/or dependents that were entitled to a notice of COBRA rights and to provide all available information regarding these spouses and dependents. *Id.* On March 14, 2007, the Court ordered Visteon to provide all information outlined in the Joint Report within ninety days (the "March 14, 2007 Order"). Dkt. No. 88.

During the discovery period, including the ninety-day period after the Court's March 14, 2007 Order, on or about September 15, 2006, June 12, 2007, and June 19, 2007, Visteon produced to Plaintiffs information regarding the separation from employment of every employee at Visteon's approximately thirty-eight facilities located in the United States

for the past six years. This information consisted of multiple spreadsheets Visteon procured from its non-party benefits and COBRA administrators. Apparently, the information was categorized by facility and/or administrator and generally contained the following information: employee name, address, termination date, termination reason, whether or not a COBRA notice was sent, and if so, the date the notice was sent. In addition, Visteon made marginal notes on the spreadsheets indicating whether it believed the distribution of a particular COBRA notice was timely, or alternatively, why it believed a COBRA notice had not been sent in a timely fashion, or why it believed that a particular employee was not eligible to receive a COBRA notice.

In the four-month period following June 2007, there was some discussion between Plaintiffs' counsel and Visteon's counsel about the meaning of some designations on the spreadsheets. Plaintiffs never sought to depose anyone at Visteon about the information contained in the spreadsheets.

On September 18, 2007, Plaintiffs requested a thirty-day extension of time to serve class notices and asserted that they needed more time to finalize the list of class members. Dkt. No. 106. Visteon did not oppose the motion, and the Court extended the deadline to serve class notices to October 19, 2007. Dkt. No. 107. On December 3, 2007, the parties informed the Court that class notices had been sent out. In addition, the Court order the parties to file an Amended CMP within thirty days. Dkt. No. 119.

The parties submitted a revised CMP, which the Court approved on January 14, 2008. Dkt. No. 124. The revised CMP established a liability discovery deadline of June 6, 2008, and a damages discovery deadline of September 29, 2008. *Id.*

On May 30, 2008, Plaintiffs served a notice to take a Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") deposition of Visteon's corporate representative. By letter dated June 18, 2008, Visteon memorialized its general objection to the untimeliness of Plaintiffs' notice, given that the liability cutoff date was only one week away. Dkt. No. 179-1. The same letter also made specific objections to each of the Rule 30(b)(6) deposition notice topics, many of which referenced the close relationship of the information sought to liability rather than damages. *Id.*

Plaintiffs responded by letter dated September 19, 2008, asserting that each of the topics objected to on the grounds of relevance to liability were relevant to damages. Dkt. No. 179-2. Plaintiffs cited *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223 (11th Cir. 2002), in support of this proposition. *Id.*

On November 3, 2008, Plaintiffs filed a Motion to Vacate Deadline, Extend Dispositive Motion Deadline and Vacate Order to Expedite Transcript ("Motion to Vacate"). Dkt. No. 163. In the Motion to Vacate, Plaintiffs asserted that earlier in the day they had received "new" evidence from Visteon that 771 of the putative class members had received COBRA notices through one of Visteon's third-party administrators, Ford Healthcare Management (the "Ford discovery"). *Id.*; Dkt. No. 163-1.

On November 4, 2008, Visteon opposed the Motion to Vacate. Dkt. No. 164. Visteon argued that the Ford discovery had nothing to do with whether the issues in the case could be decided by the Court on the briefs or with a trial and asked that if the Motion to Vacate was granted, the Court limit Plaintiffs' time in which to file their motion for relief from trial. *Id.*

4

On November 10, 2008, Plaintiffs replied that the parties had completed the Rule 30(b)(6) deposition of Visteon on November 6-7, 2008 and that Plaintiffs had decided not to file a Motion for Relief from Summary Judgment, but rather that Plaintiffs intended to file their own Motion for Summary Judgment. Dkt. No. 165. Plaintiffs asked that the deadline for filing their Motion for Relief from Trial be vacated until after the Court ruled on the parties' Motions for Summary Judgment. *Id.*

Moreover, in the same brief, Plaintiffs asserted that they had learned more information at the Rule 30(b)(6) deposition about the eligibility of retirees to receive a notice of COBRA rights. *Id.* Plaintiffs asserted that up until the Rule 30(b)(6) deposition they had been under the impression from discovery already had from Visteon that all retirees were not entitled to a notice of COBRA rights. *Id.* Specifically, Plaintiffs asserted:

> 21. However, at the Rule 30(b)(6) deposition, the deponent clarified that just because the spreadsheets state that an employee was eligible to retire, there is no basis to assume that the employee retired. As such, any employee who separated, but did not chose to retire would have suffered a qualifying event and been entitled to a Notice of COBRA Rights for any benefits that he or she had at separation.
>
> 22. Additionally, even assuming that a separating employee did retire upon separation, only medical and perhaps dental benefits (depending on the time period) would have continued as retirement benefits. A retiring employee would have suffered a qualifying event as to any vision benefits, health care savings plan benefits, and/or possibly, dental benefits that the employee had as of separation.

*Id.* As a result, Plaintiffs had not previously considered over 2,000 employees as potential members of the class that should have been so considered. *Id.*

Furthermore, in the same brief, Plaintiffs informed the Court that at the Rule 30(b)(6) deposition, the parties became aware that no information concerning employees who had

5

separated employment from Visteon's plant in Puerto Rico prior to the plants closing in 2006 had been supplied to Plaintiffs as of November 10, 2008. *Id.*

In addition, Plaintiffs asserted that they would need more time to conduct discovery on the "corrected information." *Id.* Therefore, Plaintiffs asked for an extension of the dispositive motion deadline and again requested that the Court vacate the requirement that Plaintiffs pay to expedite the Rule 30(b)(6) deposition transcript to accommodate the existing dispositive motion deadline in December.

By entry dated November 12, 2008, then Magistrate Judge Stinson acknowledged these additional requests and specifically allowed Visteon the opportunity to respond to Plaintiffs' assertion that additional discovery into the issues raised in paragraphs 15 through 25 of Plaintiffs' reply brief was appropriate. Dkt. No. 166.

On November 17, 2008, Visteon filed its Surreply. Dkt. No. 167. Therein, Visteon asserted that the purpose of the Rule 30(b)(6) deposition at which Plaintiffs claimed to have obtained additional information about putative class members was damages, not liability. Therefore, Visteon argued that Plaintiffs' questions in that regard were beyond the scope of the Rule 30(b)(6) deposition and should be considered untimely. *Id.* Moreover, Visteon averred that Plaintiffs misconstrued the Rule 30(b)(6) witness' answers regarding the information contained on the spreadsheets. *Id.*

In addition, Visteon argued that Plaintiffs' failure to obtain the information they needed regarding the putative class members during discovery was not Visteon's fault because all of the information needed to make the relevant determinations were in Plaintiffs' hands. *Id.* Despite making several inquiries about the information they received, Visteon averred that Plaintiffs had never raised an issue regarding retirees prior to the Rule

6

30(b)(6) deposition.  *Id.*  Visteon objected to Plaintiffs' attempt to add approximately 2,000 class members five months after the close of liability discovery.  *Id.*

Similarly, Visteon argued that any issue with respect to Puerto Rico employees was not of Visteon's making.  *Id.*  Rather, Plaintiffs waited to ask questions about Puerto Rico discovery until the Rule 30(b)(6) deposition.  *Id.*  Furthermore, Visteon asserted that it had produced all relevant and available information about its Puerto Rico employees.  *Id.*  Visteon also renewed its objection to any extension of the dispositive motion deadline.  *Id.*

On November 18, 2008, then Magistrate Judge Stinson issued an entry ("November 18 Entry") on Plaintiffs' original motion (Dkt. No. 163).  Dkt. No. 168.  In the November 18 Entry, the Magistrate Judge recognized that Plaintiffs had received the Ford discovery on November 3, 2008, just prior to the Rule 30(b)(6) deposition scheduled for November 4, and 7, 2008.  *Id.*  With respect to this discovery, then Magistrate Judge Stinson agreed that "Plaintiffs should have an opportunity to further investigate that recently discovered information." *Id.* at 2.  Moreover, the Magistrate Judge noted that she had provided Visteon the opportunity to further respond with respect to the "corrected information" identified by Plaintiffs.  *Id.* at 2-3.

With respect to that "corrected information," then Magistrate Judge Stinson identified two categories of information:  the 2007 spreadsheet information regarding retired employees ("retiree information") and the Puerto Rico plant information.  With respect to retiree information, former Magistrate Judge Stinson agreed with Visteon that questions related to retirees were related to liability and, therefore, were beyond the scope of the Rule 30(b)(6) deposition related to damages.  *Id.* at 3.  She also ruled that "Plaintiffs have had

7

ample opportunity to conduct discovery on this issue. Discovery will not be reopened on this issue." *Id.*

With respect to the Puerto Rico plant information, then Magistrate Judge Stinson concluded that Plaintiffs now had in their possession all information relevant to the Puerto Rico facility; "that all of the salaried Puerto Rico employees received a COBRA notice;" and "no further discovery on this issue [was] necessary." *Id.* at 3-4.

The Magistrate Judge shortened the time for Visteon to respond to any written interrogatories related to the Ford discovery, and moved the dispositive motion deadline to allow the parties to incorporate such discovery into those motions. *Id.* at 4.

On December 3, 2008, Plaintiffs filed their Motion to Review arguing the Magistrate Judge erred when she ruled: (1) that certain areas of inquiry at the Rule 30(b)(6) deposition were related to liability rather than damages; (2) that discovery regarding certain putative class members would not be re-opened; and (3) that no further discovery regarding Puerto Rico employees was necessary.

On January 14, 2009, Plaintiffs filed a Motion to Permit Mailing of Notices to Additional Class Members and [for] Approval of Notice of Class Action ("Motion to Mail"). Dkt. No. 191. In the Motion to Mail, Plaintiffs contend that based on the Rule 30(b)(6) deposition testimony of Visteon's representative, Plaintiffs' perception of who were potential members of the class vis-a-vis retirees was wrong because of Visteon's misinformation and/or false information contained in the spreadsheets produced by Visteon in 2007, or obtained by Plaintiffs' counsel from Visteon's counsel thereafter. *Id.* Further, Plaintiffs are particularly concerned about some persons who were identified as being "active" employees, yet also show a termination date and reason for termination on another

spreadsheet. *Id.* Visteon opposed the Motion to Mail on the grounds that Plaintiffs unilaterally determined the individuals for inclusion in the class, that the spreadsheets Visteon produced provided Plaintiffs with all the information necessary to select a class, and that Plaintiffs had a full year in which to conduct discovery into the information contained within the spreadsheet, but that they did not take the opportunity. Dkt. No. 199.

Through an Order dated March 26, 2009, the Court denied Plaintiffs' Motion to Review and denied Plaintiffs' Motion to Mail. On April 17, 2009, Plaintiffs filed their Motion for Reconsideration.

## II. **STANDARD**

In order to prevail on their Motion for Reconsideration, Plaintiffs must "clearly establish": (1) that there has been a manifest error in law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (abrogated on other grounds)). Motions for reconsideration do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Instead, a motion for reconsideration is "valuable" when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the

submission of issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## III. DISCUSSION

### A. MOTION TO REVIEW

Plaintiffs first seek reconsideration of the part of the Court's denial of their Motion to Review. Specifically, Plaintiffs contend that they did not have a fair opportunity to argue about whether their Rule30(b)(6) deposition questions were appropriate in that they were related to damages and not liability. Plaintiffs argue that they had no opportunity to be heard on the issue because it was raised for the first time in Visteon's Surreply filed on November 17, 2008, dkt. no. 167, and on November 18, 2008, the Magistrate Judge entered an order regarding the motion, dkt. no. 168. Additionally, Plaintiffs argue that "from the advent of this case" they have been arguing that Visteon's manner of compliance with the notice provisions of COBRA is relevant to damages and, accordingly, as a matter of law, the Magistrate Judge erred in determining that Plaintiffs asked inappropriate questions of Visteon in the Rule 30(b)(6) deposition. Dkt. No. 206 at 2.

The Court's review of a magistrate judge's order is governed by Rule 72(a), which states: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Using the clear error standard, the Court will overturn the Magistrate Judge's ruling in the instant case "only if [it] is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus., Ltd.*, 126

F.3d 926, 943 (7th Cir. 1997). The Court determined in its Order dated March 29, 2009, that former Magistrate Judge Stinson's decision to sustain Visteon's objections to the propriety of the Plaintiffs' questions of Visteon in the Rule 30(b)(6) deposition was not clearly erroneous. Dkt. No. 202. Plaintiffs have not presented any facts or law to persuade the Court that it made a manifest error of law or fact when it determined that the Magistrate Judge's decision was not clear error. Additionally, Plaintiffs have not presented any new evidence to change the Court's appraisal of the Magistrate Judge's decision. In fact, in their briefing supporting their Motion Plaintiffs merely rehash old arguments, admitting that they have pursued the same arguments from the "advent of this case." Plaintiffs even rely upon the same authority that Plaintiffs relied upon in their initial Motion to Review. *Compare* Dkt. No. 171 (citing *Underwood v. Fluor Daniel, Inc.*, No. 95-3036, 1997 U.S. App. LEXIS 1410 (4th Cir. Jan. 28, 1997); *Rodriguez v. Int'l Coll. of Bus. & Tech., Inc.*, 356 F. Supp. 2d 92 (D.P.R. 2005)) *with* Dkt. No. 206 (same). Accordingly, because a motion to reconsider is not an opportunity to breath life back into arguments that have already been presented to the Court, Plaintiffs' Motion to Reconsider as to its Motion to Review must be **DENIED**.

### B. MOTION TO MAIL

Plaintiffs argue that the Court erred in ruling that they should have noticed and taken the Rule 30(b)(6) deposition of Visteon at an earlier date, because the Plaintiffs had no reason to question the accuracy of the information produced by Visteon because it was produced pursuant to the March 14, 2007 Order of this Court. Plaintiffs also argue that

they did not unilaterally determine the individuals who would comprise the class. Again, these arguments are the same as those that Plaintiffs made in support of their original motion. Dkt. No. 191; Dkt. No. 201. Plaintiffs do not demonstrate any manifest error of law or fact or present any newly discovered evidence that entitles them to reconsideration of the Court's decision denying their Motion to Mail. Accordingly, Plaintiffs' Motion for Reconsideration with regard to their Motion to Mail is **DENIED.**

## **CONCLUSION**

For the foregoing reasons Plaintiffs' Motion to Reconsider Denial of the Class' Motion to Review Non-Dispositive Decision of Magistrate in Part and Motion to Permit Mailing of Notices to Additional Class Members and Approval of Notice of Class Action is **DENIED**.

IT IS SO ORDERED this 25th day of April, 2011.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP
hmurphy@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com