# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| | |
|---|---|
| Everett McKinley Dirksen United States Courthouse<br>Room 2722 - 219 S. Dearborn Street<br>Chicago, Illinois 60604 | Office of the Clerk<br>Phone: (312) 435-5850<br>www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

August 5, 2015

To:    Laura A. Briggs
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis , IN 46204-0000

| | |
|---|---|
| No. 14-2542 | DARRYL PIERCE and SHARON PIERCE, On Behalf Of Themselves And All Others Similarly Situated,<br>Plaintiffs - Appellants<br><br>v.<br><br>VISTEON CORPORATION, et al.,<br> Defendants - Appellees |

**Originating Case Information:**

District Court No: 1:05-cv-01325-LJM-DKL
Southern District of Indiana, Indianapolis Division
District Judge Larry J. McKinney

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

| | |
|---|---|
| AMOUNT OF BILL OF COSTS (do not include the $): | 115.20 |
| | |
| DATE OF MANDATE OR AGENCY | 08/05/2015 |

CLOSING LETTER ISSUANCE:

RECORD ON APPEAL STATUS:              No record to be returned

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                          **Received by:**

_____8/5/2015_____              _____
                                                         Deputy Clerk, U.S.District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## FINAL JUDGMENT

July 1, 2015

Before:      DIANE P. WOOD, Chief Judge
             JOEL M. FLAUM, Circuit Judge
             FRANK H. EASTERBROOK, Circuit Judge

| No. 14-2542 | DARRYL PIERCE and SHARON PIERCE, On Behalf Of Themselves And All Others Similarly Situated,<br>Plaintiffs - Appellants<br><br>v.<br><br>VISTEON CORPORATION, et al.,<br>Defendants - Appellees |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:05-cv-01325-LJM-DKL<br>Southern District of Indiana, Indianapolis Division<br>District Judge Larry J. McKinney | |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**(form ID: **132**)

In the

# United States Court of Appeals
## For the Seventh Circuit

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

———————————

No. 14-2542

DARRYL PIERCE and SHARON PIERCE, on behalf of themselves and a class,

*Plaintiffs-Appellants,*

*v.*

VISTEON CORPORATION and VISTEON SYSTEMS, LLC,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:05-cv-1325-LJM-DKL — **Larry J. McKinney**, *Judge.*

———————————

ARGUED JUNE 5, 2015 — DECIDED JULY 1, 2015

———————————

Before WOOD, *Chief Judge*, and FLAUM and EASTERBROOK, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Federal law requires employers to offer laid off or discharged workers an opportunity to continue health insurance (including dental and vision benefits) at their own expense. This is called COBRA coverage, after the Consolidated Omnibus Budget Reconciliation Act of 1985. An employer has 44 days after the end of a per-

2                                         No. 14-2542

son's employment to provide notice and essential details. 29
U.S.C. §1166(a)(2), (a)(4), (c). The penalty for delay can be as
high as $110 a day. (The statute says $100, see 29 U.S.C.
§1132(c)(1), but the Department of Labor has raised the cap
to $110. 29 C.F.R. §2575.502c-1. Visteon has not questioned
the validity of this regulation, and we do not consider
whether the Secretary was authorized to adopt it.)

Plaintiffs in this suit, which the district court certified as a
class action, contend that Visteon Corp. failed to deliver
timely notice to some of its ex-employees. The district court
defined the class in a way that contains 1,593 persons. After
a bench trial, the court found that Visteon had provided un-
timely notice to 741 of these former employees, and that the
notice averaged 376 days late for those 741 persons (though
most of the other class members had received timely notice).
The court awarded $2,500 to each class member who had re-
ceived untimely notice (a total of about $1.85 million), a sum
that does not depend on how long the delay was for any
given person. 2013 U.S. Dist. LEXIS 88817 (S.D. Ind. June 25,
2013). While the suit was pending, Visteon was reorganized
in bankruptcy. The plan provides that debts of this kind will
be paid 50¢ on the dollar, so each of the 741 will receive
$1,250. The court also ordered Visteon to pay class counsel
$302,780 as attorneys' fees under 29 U.S.C. §1132(g), plus
costs of about $11,000. 2014 U.S. Dist. LEXIS 31107 (S.D. Ind.
Mar. 11, 2014).

The class filed a notice of appeal on July 11, 2014, and
contends that the penalties are too low, the class too small,
and the attorneys' fees too modest. The notice of appeal is
timely with respect to the award of fees, because the class
had filed a timely motion for modification under Fed. R. Civ.

No. 14-2542                                                      3

P. 59, which suspended the decision's finality. See Fed. R. App. P. 4(a)(4). The district court denied that motion on June 11, 2014, and the notice of appeal came 30 days later. But Visteon contends that the notice is not timely with respect to the decision on the merits, for the merits and awards of fees are separate subjects, independently appealable. *Ray Haluch Gravel Co. v. Central Pension Fund*, 134 S. Ct. 773 (2014); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988).

The district judge resolved the merits on June 25, 2013, and Fed. R. Civ. P. 58(b)(2) provides that a court "must promptly enter" a judgment. The district court did not comply with that requirement. Appellate Rule 4(a)(7)(A)(ii) lays out what happens in this situation: 150 days after the date of the district court's decision, a judgment is deemed to be entered and the 30 days for appeal (60 if the United States is a party) starts to run. The total of 180 or 210 days gives litigants ample opportunity to protect their interests even when the district court neglects its paperwork. For this case, the 150th day was November 22, 2013. That gave the class until December 23, 2013, to file a notice of appeal, but none was filed until July 2014. (December 22, 2013, was a Sunday.)

There is one exception to the rule that decisions on the merits and decisions about attorneys' fees are separately appealable. Rule 58(e) provides:

> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

4                                                          No. 14-2542

Invoking Rule 58(e), plaintiffs asked the district court to or-
der that their motion for attorneys' fees have the same effect
as a Rule 59 motion, which under Appellate Rule 4(a)(4)
would defer the time for appeal on the merits until the dis-
pute about attorneys' fees had been resolved. But on No-
vember 26, 2013, the district judge denied that motion, call-
ing it unnecessary. Twenty-seven days remained for appeal,
but nothing happened. The deadline for appeals in civil cas-
es is jurisdictional, see *Bowles v. Russell*, 551 U.S. 205 (2007),
so plaintiffs' inaction has put the district court's merits deci-
sion beyond the scope of appellate review.

Plaintiffs maintain that it should matter why the district
court denied the motion. Plaintiffs' lawyer insists that state-
ments the district judge made contemporaneous with his or-
der of November 26 led counsel to think that the judge
deemed the motion to be otiose. As counsel understood
what the judge said, the judge believed that, because he had
decided not to comply with Rule 58(b)(2), it was unnecessary
to jump through the hoop created by Rule 58(e). We assume,
without needing to decide, that counsel has deciphered the
judge's thinking correctly. Still, what this principally shows
is that the judge did not know about Appellate Rule 4(a)(7)
(apparently no one had called it to his attention) and there-
fore did not appreciate the danger that plaintiffs were in if
he did not grant the Rule 58(e) motion and their lawyers
failed to appeal by December 23. We may suppose that
plaintiffs' lawyers were equally oblivious to the fact that a
180-day clock had been running since June 25. But that is
how Rule 4(a)(7) works, whether it is understood or not.

Until Rule 4(a)(7) was amended in 2002, litigants were
protected by the doctrine of *United States v. Indrelunas*, 411

No. 14-2542                                                              5

U.S. 216 (1973), which held that the losing side could wait
forever, if that was how long a district court took to enter a
Rule 58 judgment. The rulemaking committees, the Judicial
Conference, and ultimately the Supreme Court (which
promulgates changes to the rules) concluded that "forever"
is too long and set a 150-day limit. The interaction of that
outer bound with the jurisdictional holding of *Bowles*, to-
gether with the failure of class counsel to act in the 27 days
that remained available, leads to the class's problem.

When denying the Rule 58(e) motion, the district judge
did not assure the parties that they were safe in waiting until
he acted on the request for attorneys' fees. Counsel just drew
that inference. But suppose the judge had said so, point
blank. Until *Bowles* that assurance would have protected the
class under *Thompson v. INS*, 375 U.S. 384 (1964), and *Harris
Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215
(1962). As restated in *Osterneck v. Ernst & Whinney*, 489 U.S.
169, 179 (1989), these decisions establish that, if "a party has
performed an act which, if properly done, would postpone
the deadline for filing his appeal and has received specific
assurance by a judicial officer that this act has been properly
done", then the deadline for appeal is indeed postponed.
This came to be called the "unique circumstances doctrine."
But *Bowles* deemed the unique circumstances doctrine in-
compatible with the nature of a jurisdictional time limit,
which does not allow equitable exceptions, and it overruled
that line of decisions. 551 U.S. at 213–15.

The class would have been in trouble even under *Oster-
neck*, since the judge did not provide "specific assurance"
that it was safe in waiting to appeal. But after *Bowles* there's
just no way out of the predicament caused by counsel's in-

6                                                    No. 14-2542

explicable omission—inexplicable because, even if the class
did not absolutely need to appeal by December 23, there was
no harm in filing a protective appeal, just in case. Taking
precautions is a big part of a lawyer's job.

At oral argument we asked counsel whether Fed. R. Civ.
P. 23(c)(3) might have postponed the time for appeal, and
after argument we called for supplemental memoranda to
address that possibility. This rule provides:

> *Judgment.* Whether or not favorable to the class, the judgment in
> a class action must:
>
>> (A) for any class certified under Rule 23(b)(1) or (b)(2), in-
>> clude and describe those whom the court finds to be class
>> members; and
>>
>> (B) for any class certified under Rule 23(b)(3), include and
>> specify or describe those to whom the Rule 23(c)(2) notice
>> was directed, who have not requested exclusion, and whom
>> the court finds to be class members.

We were interested in two things: whether these loose ends
had been tied up, and, if not, whether the omissions affected
the finality of the June 25 decision, as opposed to providing
a ground to reverse it. Our briefing order directs counsel to
address "how Federal Rule of Civil Procedure 23(c)(3) inter-
acts with Rule 58 in class action cases."

Ronald E. Weldy, representing the class, ignored our
question. His post-argument memorandum does not men-
tion Rule 23(c)(3). Visteon's lawyers, by contrast, addressed
the issue with care. This class was certified under Rule
23(b)(3), so Rule 23(c)(3)(B) applies. Visteon's counsel ob-
served that the class was formally defined in 2006, that all
members were notified in October 2007, and that none had
opted out. The district court's opinion of June 2013 mentions

No. 14-2542                                                        7

all of this; so do earlier orders. Visteon added that, shortly
before trial, the parties filed a stipulation listing every mem-
ber of the class by name, and the district court specified
which 741 members of the class are entitled to a monetary
award. Rule 23(c)(3)(B) has been satisfied. It follows that the
class's time to appeal the decision on the merits ran out on
December 23, 2013, and the appeal filed in July 2014 is lim-
ited to the amount of attorney's fees.

Section 1132(g)(1), a part of ERISA applicable to COBRA
cases, authorizes a district court to award "a reasonable at-
torney's fee" when circumstances warrant. See *Hardt v. Reli-
ance Standard Life Insurance Co.*, 560 U.S. 242 (2010). The dis-
trict court awarded Weldy almost $303,000. He does not con-
tend that this is too low, as §1132(g)(1) uses the word "rea-
sonable." Instead he asks us to put ERISA to one side and
hold that he is entitled, in addition to $303,000 from Visteon,
to a supplemental award from the class. His position on ap-
peal thus is directly adverse to his clients. As far as we can
see, he has not notified them and given them an opportunity
to hire new counsel to protect their interests. We'll come
back to this problem shortly.

Weldy maintains that the district court should have
treated this as a "common fund" case in which, having gen-
erated a pot of money for the class, counsel can dip into the
pot to supplement his statutory compensation, just as if this
were a tort suit and the client had agreed to pay a contingent
fee. Many decisions permit an award from the fund in class
actions, despite the absence of a contingent-fee contract be-
tween counsel and the class, when a portion of the class's
recovery is the only available source of fees. See, e.g., *Boeing
Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). But this case was

8                                                          No. 14-2542

litigated under a fee-shifting statute, and we do not see a
good reason why, in the absence of a contract, counsel
should be entitled to money from the class on top of or in
lieu of payment by the losing litigant. We suggested in *Evans
v. Evanston*, 941 F.2d 473, 479 (7th Cir. 1991), that clients
should not be ordered to pay counsel who are compensated
under a fee-shifting statute; today that suggestion becomes a
holding.

Three principal reasons justify limiting the common-fund
approach to cases outside the scope of a fee-shifting statute.

First, the common-fund doctrine is part of the common
law, devised by courts as a matter of necessity when there
was no other way to compensate the lawyers for work that
bestowed a substantial benefit on the class. Common-law
doctrines yield to statutes. See, e.g., *American Electric Power
Co. v. Connecticut*, 131 S. Ct. 2527 (2011). The fee-shifting
provision in ERISA is a statutory replacement for the com-
mon law.

Second, fee-shifting statutes are designed to ensure that
the victims retain full compensation, while the wrongdoer
pays the lawyers. That interest would be disserved by trans-
ferring some of the class's money to its lawyer in lieu of, or
on top of, the award under the fee-shifting statute.

Third, §1132(g)(1), like most other fee-shifting statutes,
provides for the award of a "reasonable" fee, which the dis-
trict judge fixed at $303,000. Weldy does not contest this as-
pect of the judge's decision. If Weldy were to pocket sub-
stantially more than that, his compensation would by defini-
tion be unreasonably high. It would be a misuse of the judi-

No. 14-2542                                                                   9

cial power to award a lawyer an unreasonably high fee just
because funds are available to be tapped.

A slightly different way to make the point is this. The
Supreme Court has held that, in calculating a reasonable fee
under a fee-shifting statute, a district court should not in-
clude a multiplier that will effectively compensate counsel
for the risk of loss. *Burlington v. Dague*, 505 U.S. 557 (1992). A
common-fund award, like a contingent-fee contract, often
builds in a multiplier in the cases where counsel prevails.
Adding a common-fund award to a statutory "reasonable"
fee would undercut if not countermand *Dague* and similar
decisions.

Finally, even if it were sometimes appropriate to give a
lawyer a slice of the class's recovery on top of a fee-shifting
award, this would not be the case to do it in. We've men-
tioned two reasons: Weldy bungled the appeal, costing the
class an opportunity to seek greater compensation, and his
demand for fees from the class goes directly against his cli-
ents' interests, yet he did nothing to help them protect them-
selves. And this isn't the only respect in which Weldy has
tried to undermine his client's interests. The lead argument
in his brief is—that some members of the class will get *too
much* money! Yes, Weldy asked us to remand because some
of his clients have been overcompensated. Perhaps they have
been: $2,500 is more than $110 a day for anyone whose no-
tice was less than 23 days late. That might have been a rea-
son for Visteon to appeal, but it is unfathomable that the
class's lawyer would try to sabotage the recovery of some of
his own clients.

That's not all. We have mentioned Weldy's failure to
comply with our order to address the interaction between

10                                                        No. 14-2542

Rule 23(c)(3) and Rule 58. And his brief on the merits has
problems beyond those pointed out already. It presents 13
issues for decision, violating the principle that appellate
counsel must concentrate attention on the best issues. (To
brief more than three or four issues not only diverts the
judges' attention but also means that none of the issues will
be addressed in the necessary depth; an appellate brief cov-
ering 13 issues can spend only a few pages on each.) The
brief's writing is careless to boot; it conveys the impression
of "dictated but not read." Here are two sentences: "This
Court should be entered a high daily statutory penalty in
this matter. Respectfully, the award of the District Court to
the contrary law and an abuse of discretion." There's more,
equally ungrammatical. Weldy is in no position to contend
that his compensation is too low.

The appeal is limited to the award of attorneys' fees,
which is

AFFIRMED.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| | |
|---|---|
| Everett McKinley Dirksen United States Courthouse<br>Room 2722 - 219 S. Dearborn Street<br>Chicago, Illinois 60604 | Office of the Clerk<br>Phone: (312) 435-5850<br>www.ca7.uscourts.gov |

## BILL OF COSTS

August 5, 2015

Taxed in Favor of: **Appellee Visteon Corporation ; Appellee Visteon Systems, LLC**

| | |
|---|---|
| No. 14-2542 | DARRYL PIERCE and SHARON PIERCE, On Behalf Of Themselves And All Others Similarly Situated,<br>Plaintiffs - Appellants<br><br>v.<br><br>VISTEON CORPORATION, et al.,<br> Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 1:05-cv-01325-LJM-DKL<br>Southern District of Indiana, Indianapolis Division<br>District Judge Larry J. McKinney |

The mandate or agency closing letter issued in this cause on August 5, 2015.

BILL OF COSTS issued in the amount of: $115.20.

| | | Cost of<br>Each Item | Total Cost<br>Each Item |
|---|---|---|---|
| 1. | For docketing a case on appeal or review or docketing any other proceeding: _____ | _____ | _____ |
| 2. | For reproduction of any record or paper, per page: _____ | _____ | _____ |
| 3. | For reproduction of briefs: _____ | _____ | 115.20 |
| | | TOTAL: | 115.20 |

form name: **c7_BillOfCosts**(form ID: **140**)